UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In the Matter of the Search of the premises known as:<br><br>THREE CELLPHONES AND ONE MICRO-SD CARD<br><br>PHONE #l: a KYOCERA,<br>Model l0-R730A-01,<br>MEID #[redacted];<br><br>PHONE #2: a BLACK, UNKNOWN MAKE,<br>Model A2O8,<br>IMEI# [redacted];<br><br>PHONE #3: a BLACK, UNKNOWN MAKE,<br>Model A2O8,<br>IMEI # [redacted;<br><br>MICRO-SD CARD from a SANYO Phone,<br>Model SCP-8600,<br>MEID# [redacted]. | SEARCH WARRANT<br><br>CASE NUMBER: l4-MJ-8013-DJW |

**MEMORANDUM AND ORDER DENYING APPLICATION FOR SEARCH WARRANT**

The Court has been asked to issue a search warrant pursuant to Rule 41 of the Federal Rules of Criminal Procedure for the contents of cell phones that are currently in the custody of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). Based on this Court's previous rulings and other case law, this request has been denied without prejudice. This memorandum will more explicitly explain the reasons for the denial and what process would allow the warrant to be issued.

    **I.**    **BACKGROUND**

As part of its investigation of possible violations of 18 U.S.C. §1951 and §1952, the Government submitted an application for a search warrant seeking information stored on three cellular phones and a Micro SD card found with an inoperable, fourth cellular phone. In the accompanying affidavit, an ATF Task Force agent alleges there is probable cause to believe the three cellular telephones and the Micro SD card were used in connection with and contain evidence of such violations. Thus, the Government requests authorization to search the devices and seize any text messages, picture messages, pictures, voicemails, calls received, outgoing calls, and phone book logs that are evidence of violations of 18 U.S.C. §1951 and §1952.

## II.  ANALYSIS

This Court has already denied government search warrants in other digital content contexts, such as email communications.[1] There, the opinion stated "[t]o comport with the Fourth Amendment, the warrants must contain sufficient limits or boundaries so that the government-authorized agent reviewing the communications can ascertain which email communications and information the agent is authorized to review."[2] Recently, this Court considered a similar application in *In re Nextel Cellular Telephone*.[3] There, the government filed a very similar application, except that it included what the government called a "Search Methodology." In that section, the government attempted to explain how it would conduct searches on the already lawfully seized cell phones. Ultimately, the search warrant application was denied because it violated the probable cause and particularity requirements of the Fourth Amendment.[4]

---

[1] *See In re Applications for Search Warrants for Info. Associated with Target Email Accounts/Skype Accounts*, 13-MJ-8163-JPO, 2013 WL 4647554 (D. Kan. Aug. 27, 2013).
[2] *Id*. at 20.
[3] *In re Nextel Cellular Telephone*, 2014 WL 2898262 (D. Kan. June 26, 2014).
[4] *Maryland v. Garrison*, 480 U.S. 79, 84 (1987).

Here, the government has not proposed a search methodology. Thus, this Court must deny the government's search warrant application.  In doing so, the Court will explain in greater detail why a search protocol is required.[5] In *Cellular Telephone*, the opinion concluded with the following passage from *Riley v. California*:[6]

> "[The government] suggests that officers could disconnect a phone from the network before searching the device…Alternatively, the Government proposes that law enforcement agencies 'develop protocols to address' concerns raised by cloud computing. Probably a good idea, but the Founders did not fight a revolution to gain the right to government agency protocols."[7]

The *Cellular* opinion explained why that quote was relevant to the request for a search protocol:

> "That quote's last sentence is important to this case for two reasons. First, the Supreme Court implicitly approves of the government providing "search protocols"—the very thing Judge Facciola and this Court are requesting. Second, even if the government provides a protocol, there may be a question as to whether it is enough. Consequently, the Supreme Court is implicitly saying that merely submitting a purported "search protocol" may not be enough to insulate the government from a Fourth Amendment violation.  This is important because this is precisely *why* the Court is requesting the search protocol in the first place. The Court is trying to find out if the government is conducting its searches in a reasonable way at the present moment."[8]

In a footnote to that paragraph, it stated, "[t]his Court is comfortable with the fact that the Supreme Court may later decide that the conduct found in a search protocol that this Court does authorize is improper."[9] This opinion expands upon and clarifies that footnote.

---

[5] As for what a search protocol should include, *Cellular Telephone* is instructive. *See Cellular Telephone*, *supra*, note 3.
[6] *Riley v. California*, No. 13-132 (June 25, 2014), *available at* http://www.supremecourt.gov/opinions/13pdf/13-132_8l9c.pdf.
[7] *Id*. at 22.
[8] *Cellular Telephone*, *supra*, note 3 at 27.
[9] *Id*. at note 104.

The footnote highlights the tacit reasoning in *Cellular Telephone*, which Judge Facciola makes explicit in *Odys Loox*. He states:

> "The Court is not dictating that particular terms or search methods should be used. Instead, the Court is attempting to convey that it wants a sophisticated technical explanation of how the government intends to conduct the search so that the Court may conclude that the government is making a genuine effort to limit itself to a particularized search."[10]

Indeed, an explanation of the government's search techniques is being required in order to determine whether the government is executing its search in both good faith and in compliance with the probable cause and particularity requirements of the Fourth Amendment. And a protocol is not required to accompany every type of search. It is only because of the substantial differences in the search of large amounts of electronically stored information, that the Supreme Court discussed in *Riley,* that a search protocol is being requested.

### III.    CONCLUSION

In light of *Cellular Telephone* and this opinion's further explanation as to why the Court is requesting a search protocol, the government's present search warrant application must be denied without prejudice. The government may resubmit its application for consideration once it includes a search protocol that addresses the concerns expressed in *Cellular Telephone*.

For the reasons stated above, it is hereby **ORDERED** that the government's Application is DENIED without prejudice.

---

[10] *Odys Loox*, 2014 WL 1063996, at *5.

5

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 4th day in August, 2014.

s/ David J. Waxse  
DAVID J. WAXSE  
U.S. Magistrate Judge